UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-cr-0030-KJM |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER LEE, | |
| Defendant. | |

Defendant Christopher Lee brings a motion to revoke the order of detention issued by the duty magistrate judge, and requests a hearing on the matter. Defendant makes this motion in light of the increased risks to his health he says the coronavirus disease ("COVID-19") poses to incarcerated individuals and to him in particular, given his health and age. Having determined oral argument is not necessary, the court hereby SUBMITS the matter, and for the reasons provided below DENIES defendant's motion.

I.   BACKGROUND

It cannot reasonably be disputed that "[d]ue to the novel coronavirus pandemic, we are in extraordinary times." *United States v. Daniels*, No. 19-CR-00709-LHK (NC), 2020 WL 1815342, at *2 (N.D. Cal. Apr. 9, 2020) (internal quotation marks and citation omitted). The crisis triggered by the virus is global, leading to many emergency declarations, including a

1

presidentially-declared national emergency.  *See* Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020).

Predictably, as the coronavirus has spread throughout the United States, it has reached jails and correctional facilities as well.  *See, e.g., Daniels*, 2020 WL 1815342, at *3 (citing Timothy Williams, et al., *Jails are Petri Dishes*, N.Y. Times (Mar. 31, 2020)[1]).  As of April 28, 2020, the federal Bureau of Prisons (BOP) reported 1313 federal inmates and 335 BOP staff  diagnosed with the virus, and 30 inmate deaths.[2]  Responding to the risks in the federal prisons, Attorney General William Barr has issued two memoranda to the BOP Director, directing BOP to maximize the release of inmates to home confinement at institutions most affected by COVID-19, by making individualized determinations balancing inmates' vulnerability to infection and public safety.  *See* Mem. from U.S. Att'y Gen. William Barr to Director of Bureau of Prisons (April 3, 2020) (second memorandum supplementing original after passage of the CARES Act).[3]

Defendant is a 67-year-old man with a number of chronic health problems, most notably prostate cancer diagnosed while he has been detailed at the jail; he says his condition, for which the jail is providing him with medications, likely increases his risk of severe complications if he were to contract COVID-19.  Mot. at 5, ECF No. 53 (citing National Institute of Health, National Cancer Institute, *Coronavirus: What People with Cancer Should Know* (Mar. 23, 2020)[4] ("Adults and children with serious chronic health conditions, including cancer, are at higher risk

---

[1] https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html (last visited April 28, 2020).

[2] As have other courts, this court takes judicial notice of the information provided by the BOP at https://www.bop.gov/coronavirus/.  *See Daniels*, 2020 WL 1815342, at *3.

[3] Available at https://www.justice.gov/file/1266661/download (last visited April 28, 2020).

[4] Available at https://www.cancer.gov/contact/emergency-preparedness/coronavirus.

of developing more serious complications from contagious illnesses such as COVID-19.")[5]).  The potential he may need to be transported to an outside hospital for cancer treatment and monitoring also increases his risk.  *Id.*

In this case, defendant Lee first appeared before Magistrate Judge Newman more than three years ago, on February 6, 2017, after defendant's arrest.  ECF No. 7.  Acting as the duty magistrate judge, Judge Newman found defendant was a flight risk and a danger, and detained him.  ECF Nos. 7, 10.  Less than a year ago, on July 29, 2019, Lee pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a).  ECF Nos. 30, 32.  Defendant remains detained in Sacramento County Jail.  *See* Mot., ECF No. 53, at 5.  He was scheduled to be sentenced on March 15, 2020, which was continued until May 11, 2020, on defendant's request,  ECF Nos. 38–39, and again until June 22, 2020, on defendant's request.  ECF Nos. 48, 50.

Defendant first moved for bail review before the magistrate judge on March 26, 2020, ECF No. 41, which the government opposed, ECF No. 43.  The undersigned referred the matter to the magistrate judge, who held a hearing on it and denied the motion from the bench.  ECF Nos. 46–47.  On April 13, 2020, defendant filed the instant motion to revoke the magistrate judge's original order of detention.  Mot., ECF No. 53.  The government opposed.  Opp'n, ECF No. 55.  The court resolves the motion here.

II.     DISCUSSION

Defendant moves under 18 U.S.C. § 3145(b) to revoke the detention order, and asks that the court release him until his sentencing hearing in June.  Mot. at 2, 8–9.  Specifically, defendant argues that the COVID-19 pandemic, paired with his risk factors, constitutes an "exceptional" and "compelling" reason for his release pending sentencing.  Mot. at 8–9.  Defendant raises arguments under 18 U.S.C. § 3145(c), and 18 U.S.C. § 3142(i), the Fifth Amendment and the Eighth Amendment.  The court addresses defendant's arguments in turn.

---

[5] Notably, as of April 29, 2020, the cited website no longer includes the quotation cited by defendants.

A.  18 U.S.C. § 3143(a) § 3145(c)

Under 18 U.S.C. § 3143(a)(2), the court must order detained any defendant who has been found guilty of, *inter alia*, a "crime of violence" and who is awaiting imposition or execution of a sentence, unless the court finds either (1) the defendant is likely to prevail on a motion for acquittal or new trial, or (2) the government does not seek a custodial sentence, and, (3) by clear and convincing evidence, the person is not likely to flee or pose a danger to others. 18 U.S.C. § 3143(a)(2); *see* Mot. at 6 (citing 18 U.S.C. § 3143(a)(2)).  The government argues § 3143(a)(2) applies here, because defendant's crime is a "crime of violence" under the Bail Reform Act, *see* Opp'n at 4 (citing 18 U.S.C. § 3156(a)(4)(C)); defendant does not directly respond to this argument, but appears to agree that § 3143(a)(2) applies, given his citation to the section in his own motion, *see* Mot. at 6 (citing 18 U.S.C. § 3143(a)(2)).

Defendant seeks release under 18 U.S.C. § 3145(c), which provides, as relevant here: "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  Section 3143(a)(1) provides for release where the court finds by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).  In other words, to order release under § 3145(c) here, the court must not only find exceptional reasons but also make a finding by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community.

Simply put, on the record here, the court cannot make such a finding in this case. Under 18 U.S.C. § 3142(e)(2), a rebuttable presumption arises that defendant is a danger to the community, because he has pled guilty to a felony that involves a minor victim and/or a "crime of violence." *See* Detention Order, ECF No. 10 (noting presumption based on minor victim); Plea Agreement, ECF No. 32, at 15–17 (factual basis describing creation of child pornography with minor victim).  The government represents, and defendant does not refute, that defendant committed his conviction offense at the same home in Placer County to which defendant plans to

4

1  return if released.  *See* Opp'n at 5, 7; *see also* Factual Basis for Plea, ECF No. 32, at 15
2  (describing use of Skype to create child pornography using as a subject minor in his custody and
3  describing possession of child pornography on his electronic devices).  Defendant represents he
4  would return to the home he and his wife own in Auburn, California, if released, with his wife
5  and her adult son as custodians, Mot. at 10, who lived in defendant's home at the time of his
6  arrest, Opp'n at 5.  Because defendant committed his offense while at home, apparently living
7  with, *inter alia*, the same individuals whom he proposes to be his custodians, the court finds
8  defendant has not offered sufficient evidence to rebut the presumption that he is a danger to the
9  community if released.

10       B.     18. U.S.C. § 3142(i)

11       Defendant also seeks release under 18 U.S.C. § 3142(i) ("Release or detention of a
12  defendant pending trial"), Mot. at 6–7, which allows the court to order the temporary release of a
13  defendant awaiting trial "to the extent that the judicial officer determines such release to be
14  necessary for preparation of the person's defense or for another compelling reason."  Defendant is
15  not awaiting trial, so, on its face, § 3142 does not apply to defendant at this stage.  *See United*
16  *States v. Boone*, No. 2:16-CR-00020-TLN, 2020 WL 1865202, at *4 (E.D. Cal. Apr. 14, 2020)
17  (finding defendant not eligible for release under § 3142(i) because, *inter alia*, "she has already
18  been found guilty by a jury and is merely awaiting sentencing" so need not prepare a defense).

19       The government does point out that at least one district court has found § 3142(i)
20  applies to a defendant awaiting sentencing.  *United States v. Kennedy*, No. 18-20315, 2020 WL
21  1493481, at *3 (E.D. Mich. Mar. 27, 2020), *reconsideration denied*, No. 18-20315, 2020 WL
22  1547878 (E.D. Mich. Apr. 1, 2020).  Even if § 3142(i) applies to a defendant who is not pending
23  trial, a question the court does not decide here, defendant's motion must be denied on the merits.
24  The court accepts that defendant's cancer likely puts him at higher risk for complications from
25  COVID-19, and gives this circumstance the serious weight warranted.  But as the government
26  argues, "[n]othing about the COVID-19 pandemic reduces the defendant's danger to others."
27  Opp'n at 9.  And defendant has presented nothing to suggest that his cancer has progressed to a
28  point where he is physically weakened or terminally ill so as to impede his ability to reoffend.

1    Accordingly, the court cannot find defendant's current risk factors are a sufficiently "compelling
2    reason" justifying temporary release.

3       C.   Fifth Amendment

4           Defendant also argues the Fifth Amendment's Due Process Clause compels that
5    the court protect defendant from the dangerous conditions in the Sacramento County Jail due to
6    the advance of the COVID-19 pandemic.  In making this argument, defendant relies on cases that
7    discuss a "pretrial detainee's" due process rights, Mot. at 10–11, and argues that "Mr. Lee has not
8    yet received a sentence or final judgment in his case, and is entitled to the protections that must be
9    afforded to pretrial detainees." Mot. at 11.  However, pretrial detainees are still "presumed to be
10   innocent" and may not be subjected to punitive measures, whereas a convicted inmate awaiting
11   sentencing has been found guilty.  *See Bell v. Wolfish*, 441 U.S. 520, 527, 534 (1979)
12   (distinguishing "pretrial detainees" from "convicted inmates who are awaiting sentencing" and
13   noting "[u]nder the Due Process Clause, a detainee may not be punished prior to an adjudication
14   of guilt in accordance with due process of law.  A person lawfully committed to pretrial detention
15   has not been adjudged guilty of any crime." (citations omitted)).  Because the cases defendant
16   cites are distinguishable from his, defendant has not met his burden of showing his continued
17   detention violates his due process rights.

18      D.   Eighth Amendment

19          Finally, defendant argues his continued incarceration during the COVID-19
20   pandemic violates his Eighth Amendment right to be free from cruel and unusual punishment.
21   Mot. at 12–13.  While the court readily agrees that "the Eighth Amendment requires [jails and
22   prisons] to take adequate steps to curb the spread of disease within the prison system," *Coleman*
23   *v. Newsom*, No. 01-CV-01351-JST, 2020 WL 1675775, at *5 (E.D. Cal. Apr. 4, 2020), defendant
24   here has not met his burden of showing his Eighth Amendment rights are violated such that
25   release, as opposed to some other remedy, is warranted.  In particular, defendant has not shown
26   Sacramento County Jail "authorities are unable or unwilling to address this serious problem
27   within [jails and prisons], or that petitioner is unable to take the general, protective measures
28   applicable to all as of yet unafflicted persons[.]" *Peterson v. Diaz*, No. 219CV01480 WBS GGH

6

P, 2020 WL 1640008, at *2 (E.D. Cal. Apr. 2, 2020); *see also United States v. McDonald*, No. 219CR00312KJDVCF, 2020 WL 1659937, at *3 (D. Nev. Apr. 3, 2020) (denying defendant's request for temporary release while awaiting trial based on the Eighth Amendment because defendant did not show, among other things, that the detention center was "unable to provide sufficient medical treatment"); *cf. United States v. Kidder*, 869 F.2d 1328, 1330–31 (9th Cir. 1989) (to prevail on Eighth Amendment claim regarding avoiding prison due to medical condition, defendant "must show that *no* constitutionally acceptable treatment can be provided while he is imprisoned" (emphasis in original)).  This conclusion is based in part on defendant's current lack of particularized information or evidence showing Sacramento County jail is not following CDC guidelines or local public health directives as tailored to the jail, or that any cases of COVID-19 or positive tests have been reported within the jail, *see* Opp'n at 9.

III.   CONCLUSION

For the foregoing reasons, defendant's motion to revoke order of detention is DENIED.

This order resolves ECF Nos. 53.

IT IS SO ORDERED.

DATED:  April 29, 2020.

CHIEF UNITED STATES DISTRICT JUDGE